IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RALPH WILSON LINGO,<br>#190083, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| vs. | ) | 2:08-CV-142-WKW |
| | ) | |
| KENNETH JONES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**SUPPLEMENTAL ANSWER
TO LINGO'S 28 U.S.C § 2254 PETITION**

Come now Respondents in the above-styled cause and pursuant to the

Court's Order dated April 9, 2008 supplement their Answer by providing the

following:

1.      Lingo's motion to withdraw the guilty plea, which is dated November

11, 2003.   (Exhibit A)[1]  There is no evidence when he gave it to prison officials

for mailing; therefore, the motion is deemed filed on that date -- the earliest he

could have given to officials for mailing.   See Washington v. United States, 243 F.

3d 1299, 1301 (11th Cir. 2001).

---

[1] The Respondents have also attached the Orders denying Lingo's motion to
withdraw his guilty plea (Exhibit C) and dismissing Lingo's Rule 32 petition
(Exhibit D).

2.     Lingo's Rule 32 petition signed August 31, 2004 (Ex. B, p. 8);

therefore, this will be considered the date it was filed.  See id.

## Application of the One-Year Statute of Limitations

3.     In the Respondents' original answer, it considered Lingo's motion to

withdraw the guilty plea to have been filed on December 3, 2003.  (Doc. 11, p. 5)

The difference of 22 days, however, does not impact on the untimeliness of the

federal habeas petition.  Lingo was sentenced on September 25, 2003.  (Doc. 11

Ex. A, p. 2-4; Doc. 11 Ex. B, p. 1-2)  Lingo's motion to withdraw was still

untimely, as it had to be filed within 30 days from sentencing.  See Nelson v. State,

866 So. 2d 594, 594 n.1 (Ala. Crim. App. 2002) (" 'A motion to withdraw a guilty

plea is the functional equivalent of a motion for a new trial.'  Wallace v. State, 701

So. 2d 829, 830 (Ala. Crim. App. 1997).  'A motion for a new trial must be filed

no later than thirty (30) days after sentence is pronounced.'  Rule 24.1(b),

Ala.R.Crim.P.").  Therefore, the time to begin the running of the one-year

limitation period for filing his federal habeas corpus petition still began 42 days

from sentencing -- the date that his conviction became final -- on November 6,

2003.  See Ala. R. App. P. 4(b)(1).

4.     In the Respondent's original answer, it concluded that Lingo had filed

his Rule 32 petition on September 10, 2004. and calculated that 309 days had

elapsed between Lingo's conviction becoming final and the filing of his Rule 32

petition. (Doc. 11, p. 4, 6)  Lingo, however, signed his petition on August 31,

2004. (Ex. B, p. 8)  Therefore, instead of 309 days passing, only 299 elapsed.

Again, however, this ten-day discrepancy does not ultimately affect the untimely

nature of Lingo's federal habeas petition.

5.    The filing of this timely Rule 32 petition tolled the limitations period.

See 28 U.S.C. § 2244(d)(2) (West 2008).  The petition was denied on November 1,

2004. (Ex. D, p. 2)  Therefore, Lingo had 42 days from this date, or until

December 13, 2004, to timely file his notice of appeal.  Lingo did not appeal the

denial of his Rule 32 petition; therefore, the tolling period ended on December 13,

2004.  See Cramer v. Secretary, Dept. of Corr., 461 F. 3d 1380, 1383 (11th Cir.

2006) (holding that even when the petitioner does not avail himself of the right to

appeal, his post-conviction petition remains pending until the time for filing the

appeal ends).

6.    Lingo filed his federal habeas corpus petition on February 25, 2008.

(Doc. 1, p. 15; Doc. 4-1, p. 1)  A total of 1169 days -- or three years, two months,

and 12 days -- elapsed between the time that his post-conviction petition was no

longer pending and the filing of his habeas petition.  Lingo only had 76 days,

however, remaining to file his federal habeas petition when he filed his state post-

conviction petition. (In the Respondents' original answer, it calculated that Lingo

only had 66 days remaining).  Therefore, he only had until February 28[2], 2005, to

timely file his federal habeas petition.  Lingo's petition is still untimely by 1093

days, or two years, 11 months, and 28.  Therefore, this Court should still consider

the federal habeas petition untimely.

Respectfully submitted,

Troy King
*Attorney General*

By-

s/Jean-Paul M. Chappell (CHA073)
Jean-Paul M. Chappell (CHA073)
*Assistant Attorney General*

---

[2] Seventy-six days from December 13, 2004, is February 27, 2005, which fell on a Sunday; therefore, the Respondents' are giving Lingo until February 28, 2005, the next business day.

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>24th</u> day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that on the following day I mailed by United States Postal Service the document to the following non-CM/ECF participants:  <u>Ralph Wilson Lingo, AIS #190083, Bullock Correctional Facility, P.O. Box 5107, Union Springs, AL 36089-5107</u>.

Respectfully submitted,

<u>/s/Jean-Paul M. Chappell (CHA073)</u>
Jean-Paul M. Chappell (CHA073)
*Assistant Attorney General*
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
Email:  jchappell@ago.state.al.us

631673/119020-001

(Keep on File for the Court)
Please mail me a copy back

11/27/03

FILED
DEC 0 3 2003
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

Ralph Lingo:

Case no: CC-03-290

I. Ralph Lingo withdraw my guilty
plea

I had told my attorney the second day
to withdraw I don't know if my attorney
did it or not. I haven't heard anything
from you all, but I do want to notify
the court that I want to withdraw my
guilty plea and all pleas.

Also you did not Keep your
agreement.

Ralph Ly 11-27-03

EXHIBIT
A
PENGAD 800-631-6989

# PETITION FOR RELIEF FROM
# CONVICTION OR SENTENCE

(Pursuant to Rule 32,
Alabama Rules of Criminal Procedure)

FILED

SEP 10 2004

DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

**Case Number**

CC - 2003 - 290.60

| ID | YR | NUMBER |

IN THE _CIRCUIT_ COURT OF _BARBOUR_ ALABAMA

_RALPH WILSON LINGO_ vs. _STATE OF ALABAMA_

Petitioner (Full Name)                                    Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _AIS # 190083_    Place of Confinement _Bullock Corr. Fac._

County of conviction _BARBOUR COUNTY_

**NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction
   or sentence under attack _EUFALA - BARBOUR COUNTY_

2. Date of judgment of conviction _SEPTEMBER 25, 2003_

3. Length of sentence _TWO YEAR - (5) FIVE YEARS PROBATION_

4. Nature of offense involved (all counts) _ON 9-25-2003 I WAS CON-
   VICTED OF CRIMINAL CONSPIRACY TO
   COMMIT ARSON IN THE SECOND (2ND) DEGREE_

5. What was your plea?   (Check one)

   (a)  Guilty ✓
   (b)  Not guilty _____
   (c)  Not guilty by reason of mental disease or defect _____
   (d)  Not guilty and not guilty by reason of mental disease or defect _____

**EXHIBIT**

**B**

6. Kind of trial: (Check one)

    (a) Jury _____        (b) Judge only ___✓___

7. Did you testify at the trial?

    Yes _____        No ___✓___

8. Did you appeal from the judgment of conviction?

    Yes ___✓___        No _____

9. If you did appeal, answer the following:

    (a) As to the state court to which you first appealed, give the following information:

        (1) Name of court _COURT OF CRIMINAL APPEALS STATE OF ALABAMA_

        (2) Result _DISMISSED AS UNTIMELY FILED_

        (3) Date of result _27TH DAY OF APRIL, 2004_

    (b) If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1) Name of court _____

        (2) Result _____

        (3) Date of result _____

    (c) If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1) Name of court _____

        (2) Result _____

        (3) Date of result _____

the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ✓          No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1) Name of court _CIRCUIT COURT OF BARBOUR CO. AL._

     (2) Nature of proceeding _MOTION TO WITHDRAW PLEA_

     (3) Grounds raised _DEFAULT IN ARRESTING PROCEDURES, UNDER_ _FALSE PRETENSES. BY HAVING INVESTIGATOR ARREST ME_ _ON A SEX OFFENDER CHARGE TO GET ME TO THE COURT_ _HOUSE SO THAT THE FIRE MARSHALL COULD QUESTION ME._ _THERE WAS NO SUCH "SEX-OFFENDER" CASE ( SEE ATTACHED)_
     (attach additional sheets if necessary)

     (4) Did you receive an evidentiary hearing on your petition, application, or motion?

     Yes _____          No ✓

     (5) Result _____

     (6) Date of result _____

(b)  As to any second petition, application, or motion, give the same information:

     (1) Name of court _CIRCUIT COURT OF BARBOUR CO. ALA._

     (2) Nature of proceeding _MOTION TO ASK JUDGE TO PUT BACK ON DOCKET._

     (3) Grounds raised _(1)MY ATTORNEY MIS-LED ME.(2) I did NOT DO_ _WHAT I AM ACCUSED OF DOING. (3) I WILL BE MY OWN_ _ATTORNEY, AND I ASK THE JUDGE TO ALLOW THAT.(4) I_ _ASKED MY ATTORNEY TO WITHDRAW FROM MY CASE, but_ _HE REFUSED._
     (attach additional sheets if necessary)

     (4) Did you receive an evidentiary hearing on your petition, application, or motion?

     Yes _____          No ✓

     (5) Result _____

     (6) Date of result _____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

     (1) Name of court _CIRCUIT COURT OF BARBOUR CO. ALA._

3

(2)   Nature of proceeding _MOTION TO APPOINT ATTORNEY_

(3)   Grounds raised _SEE ATTACHMENTS._

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)   Did you receive an evidentiary hearing on your petition, application, or motion?

     Yes _____            No __✓__

(5)   Result _____

(6)   Date of result _____

(d)   Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

   (1)   First petition, etc.      Yes _____                No __✓__

   (2)   Second petition, etc.    Yes _____                No __✓__

   (2)   Third petition, etc.      Yes _____                No __✓__

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)   If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.   Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

__✓__    A.    The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

           For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

(1)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)  Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

**If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.**

_____  B.  **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  C.  **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  D.  **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  E.  **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

5

The facts do not merely amount to impeachment evidence; and

**If the facts had been known at the time of trial or sentencing, the result would probably have been different; and**

**The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> "**Successive Petitions.** The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

   Yes _____          No __✓__

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

   (a) Name of court _____

   (b) Result _____

   (c) Date of result _____
       (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

   On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

   Yes _____          No __✓__

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing   NO HEARING

(b) At arraignment and plea   GARY R. NEW WAS ASSIGNED BY WILLIAM T. BULLARD REPRESENTED ME.

(c) At trial   WILLIAM T. BULLARD OF BULLARD & BULLARD, 221 WEST MAIN STREET, DOTHAN ALABAMA

(d) At sentencing   WILLIAM T. BULLARD   (SAME AS ABOVE)

(e) On appeal   MY-SELF (IN MATE BECAUSE I CAN'T READ OR WRITE)

(f) In any post-conviction proceeding   MYSELF (SAME AS Above)

(g) On appeal from adverse ruling in a post-conviction proceeding   MYSELF (SAME OF Above)

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No ✓

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No ✓

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) And give date and length of sentence to be served in the future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No _____

18. What date is this petition being mailed?

_____

   Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___8 - 31 - 0 4___ .
               (Date)

_Ralph L. Lingo_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the __31st__ day of ___August___ . __2004__ .

_____
Notary Public  NOTARY PUBLIC STATE OF ALABAMA AT LARGE
                MY COMMISSION EXPIRES:  Mar 18, 2007

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____ .
                  (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____ , _____ .

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the
petition

**Case Number**

CC 2003 290
ID   YR   NUMBER

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

Circuit Court of Barbour County

[Insert appropriate court]

RALPH LINGO

(Petitioner)

vs.

STATE OF ALABAMA

(Respondent(s)

### DECLARATION IN SUPPORT OF REQUEST TO PROCEED
### IN FORMA PAUPERIS

I, RALPH LINGO , declare that I am the petitioner
in the above entitled case; that in support of my motion to proceed without being required to prepay
fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs
of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?     Yes _____     No ____✓

    a. If the answer is "yes", state the amount of your salary or wages per month, and give the
       name and address of your employer.

       _____

       _____

    b. If the answer is "no", state the date of last employment and the amount of the salary and
       wages per month which you received.

       RALPH LINGO MOBILE HOME REPAIR (4-17-2003)

       $2,000 PER MONTH

2. Have you received within the past twelve months any money from any of the following sources?

    a. Business, profession, or other form of self-employment?

       Yes _____          No ___✓

    b. Rent payments, interest, or dividends?

       Yes _____          No ___✓

    c. Pensions, annuities, or life insurance payments?

       Yes _____          No ___✓

    d. Gifts or inheritances?

       Yes _____          No ___✓

    e. Any other sources?

       Yes _____          No ___✓

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____        No __✓__

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____        No __✓__

If the answer is "yes", describe the property and state its approximate value.

_____

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.  N/A

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____
                         (Date)

_Ralph L Lingo_        190083
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _40¢_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said ___BULLOCK COUNTY CORR. FACILITY___ institution:

PREPARED BY: _____
BULLOCK COUNTY CORR. FACILITY
BUSINESS OFFICE/ACCOUNT CLERK
P.O. BOX 5107
UNION SPRINGS, AL. 36089
DATE___9/2/2004___

_9/2/2004_
DATE

AUTHORIZED OFFICER OF INSTITUTION

Rule 32

CC - 2003 - 290
ID    YR    NUMBER

## GROUND OF PETITION

A. THE CONSTITUTION OF THE UNITED STATES OR OF THE
STATE OF ALABAMA REQUIRES A NEW TRIAL, A NEW
SENTENCE PROCEEDING, OR OTHER RELIEF.

(1) CONVICTION OBTAINED by USE OF EVIDENCE GAINED PURSUANT
TO AN UNCONSTITUTIONAL SEARCH AND SEIZURE.
(A) CITY OF DOTHAN ALABAMA SEARCHED HOME AND PLACE OF
BUSINESS, WITHOUT "SEARCH WARRANT", OR PROBABLE
CAUSE.
(B) RESIDENCE IS IN HENRY COUNTY.
(C) CITY OF DOTHAN HAD NO JURISDICTION.
(D) USED "TAPE" FOUND AT RESIDENCE, AND PLACE OF
BUSINESS TO CONVICT.

(2) CONVICTION OBTAINED by PLEA OF GUILTY WHICH WAS UN-
LAWFULLY INDUCED OR NOT MADE VOLUNTARILY WITH UNDER-
STANDING OF THE NATURE OF THE CHARGE AND THE
CONSEQENCES OF THE PLEA.
(A) LED TO BELEIVE THAT IF I PLED GUILTY I WOULD
RECIEVE 5-YEARS (5) PROPATION ON A MISDEMEANOR
CHARGE AND, GO HOME THAT DAY.
(B) MIS-LED BY MY ATTORNEY THAT THE ABOVE WAS
TRUE.
(C) I AM UNABLE TO READ OR WRITE, SO THIS IS WHAT I
BELEIVED TO BE TRUE. SO I SIGNED PLEA-AGREEMENT.

(1)

(D) DEPUTY FIRE MARSHALL "Promised" ME THAT IF I
PLED GUILTY HE WOULD DROP ALL CHARGES TO MIS-
DEMEANORS, AND GIVE ME 5-YEARS (5) PROBATION AND
GIVE ME JAIL TIME SERVED WHILE WAITING HOUSTON
COUNTY JAIL.

(3) DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

(1) MY ATTORNEY CONSTANTLY ARGUED OVER MONEY AND WOULD
NOT DEFEND ME TO THE BEST OF HIS ABILITY, ONLY WANTING
ME TO RESOLVE THE CASE.

(2) ATTORNEY OF RECORD, W. TERRY BULLARD (BUL007)
TOLD ME TO "SIGN THIS PAPER", OR HE WOULD WALK OUT
OF COURT-ROOM.

(3) WHAT I SIGNED WAS A PLEA-AGREEMENT TO A SENTENCE
, OF 15 YEARS SERVE 2 YEARS.

(4) BECAUSE I AM UNABLE TO READ OR WRITE I DID NOT KNOW
WHAT I WAS SIGNING. MY ATTORNEY DID NOT EXPLAIN
TO ME EXACTLY WHAT I WAS SIGNING.

(5) WAS NOT TOLD I COULD NOT WITH-DRAW MY GUILTY PLEA.



(2)

C - 2003 - 290

ATTACHMENT TO QUESTION 11-A-3:

(1) ARRESTING OFFICER, JEROME WARREN, CAME TO HOUSTON COUNTY JAIL ON (9-23-04), TOLD ME I WAS UNDER ARREST BY BOURBOUR COUNTY SHERIFF'S DEPARTMENT. HE LATER STATED HE HAD AN ALCOHOL PROBLEM AND FORMER DRUG ABUSE, AND HE WAS UNDERGOING TREATMENT OVER 10 YEARS. HE AND SHERIFF WERE GOOD FRIENDS. HE STATED THAT HE HAD A CRIMINAL RECORD AND HAD NO LEGAL RIGHT TO ARREST ME.

(2) DID NOT SIGN WAIVER TO BE QUESTIONED WITHOUT ATTORNEY PRESENT, BUT INVESTIGATORS CONTINUED TO COME AND GET ME AND QUESTION ME, (OVER 15 TIMES)

(3) FIRE MARSHALL CONTINUED TO COME TO THE COUNTY JAIL TO QUESTION ME WITHOUT ATTORNEY PRESENT. EVEN AFTER MY ATTORNEY NOTIFIED HIM NOT TO QUESTION ME W/OUT HIM PRESENT, BECAUSE I COULD NOT READ OR WRITE OR UNDERSTAND THE LAW OR HIS QUESTIONS.

Ralph Lingo    8-31-2004

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### EUFAULA DIVISION

STATE OF ALABAMA,
    Plaintiff,

vs.

RALPH LINGO,
    Defendant



CASE NO. CC-2003-290

### O R D E R

This matter came before the Court on the 8th day of December, 2003, for a

hearing on Defendant's motion to withdraw his plea of guilty and an Opposition to

Motion to Withdraw Plea of Guilty filed by the State. Although Defendant's pleading

may not have been timely filed, the Court has reviewed the colloquy of Defendant's plea

of guilty in open court on September 25, 2003, to the crime of Criminal Conspiracy to

Commit Arson and finds that the Defendant did knowingly and freely enter his plea of

guilty to said crime and did understand fully the consequences of his plea of guilty with a

known sentence of fifteen (15) years, split with two (2) years to serve. **IT IS,**

**THEREFORE,** the order and judgment of this Court that Defendant's motion to

withdraw his guilty plea is hereby denied.

Upon consideration of the testimony regarding restitution due in this case and the

Defendant having agreed to the amount submitted by the State, **IT IS HEREBY**

**ORDERED** that restitution in this case is hereby set in the amount of $7,094.92.

Defendant's application for probation is denied.

**DONE AND ORDERED** this 19th day of December, 2003.

_____
Burt Smithart, Presiding Circuit Judge
Third Judicial Circuit of Alabama

EXHIBIT
C
PENGAD 800-631-6989

# IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## EUFAULA DIVISION

RALPH LINGO, AIS#190083      )
       Petitioner,         )
Vs.                           )      CASE NO.CC-2003-290.60
STATE OF ALABAMA,        )
       Respondent       )

## ORDER

This matter coming before the Court on Rule 32 Petition and a response by the State, the Court makes findings of facts and conclusion of law as follows:

The Court finds that the Petition is without merit in that the Petitioner was represented by an experienced attorney and the record does not support the allegations of ineffective assistance of counsel. The Court finds that the Petitioner's claim of ineffective assistance of counsel is without merit and no material issue of fact or law exists which would entitle the Petitioner to relief.

The Court finds from the Court file, response by the State and the Court's recollection of the plea, that the defendant understood the charges against him and understood the consequences of pleading guilty to the known sentence of 15 years, split 2 years to serve, in contrast to the maximum sentence for the Habitual Offender sentence of 20 years.

The Court finds that issues raised by the Petition fail to contain a clear and specific statement of the grounds upon which relief is sought to include a factual basis of the grounds, as required by Rule 32.5 (b). The allegation of ineffective assistance of counsel in his guilty plea is without merit.

The Court further finds that the issue raised is precluded under Rule 32.2 (a) (3) and rule 32.2 (a) (5).



EXHIBIT
D

It is therefore **ORDERED AND ADJUDGED** that the Petition be dismissed pursuant to the provisions of Rules 32.6(b), 32.3 (a)(3), and 32.3(a)(5). All issues are hereby **DISMISSED** pursuant to Rule 32.7(d), Alabama Rules of Criminal Procedure.

**ORDERED** this _15th_ day of _November_, 2004.

_____

Burt Smithart, Circuit Court Judge