IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RALPH WILSON LINGO, #190083, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08-CV-142-WKW |
| | ) |
| KENNETH JONES, et al., | ) |
| | ) |
|     Respondents. | ) |

**ORDER**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ralph Wilson Lingo ["Lingo"], a state inmate, on February 25, 2008. In this petition, Lingo challenges a conviction for criminal conspiracy imposed upon him pursuant to his guilty plea by the Circuit Court of Barbour County, Alabama on September 25, 2003. On this same date, the trial court sentenced Lingo to fifteen years imprisonment. However, the court ordered that the sentence be split with only two years of imprisonment followed by five years on probation. Lingo did not properly file a direct appeal of his criminal conspiracy conviction as he did not timely file a notice of appeal and the Alabama Court of Criminal Appeals dismissed the appeal as untimely filed. The Barbour County criminal conspiracy conviction therefore became final by operation of law on November 6, 2003.

The respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See*

28 U.S.C. § 2244(d)(1).[1]  The respondents contend that because Lingo's criminal conspiracy conviction became final in 2003 -- **after** the effective date of the statute of limitations -- Lingo must have filed his § 2254 petition within a year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in the state courts.  The respondents concede that on August 31, 2004 Lingo filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, which tolled the limitation period.  However, the respondents maintain that even allowing tolling of the federal limitation period during the pendency of the Rule 32 petition the limitation period expired prior to Lingo filing this federal habeas petition.  *Respondents' Supplemental Answer* at 3; *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ( statutory tolling allowed only for the time during which a properly filed state post-conviction action is pending).  The respondents further argue that the motion to withdraw guilty plea filed by Lingo on November 11, 2003 had no affect on the running of the limitation period as this motion was not filed within the time prescribed by state law.[2]  *Respondents' Supplemental Answer* at 2 ("'A motion to withdraw guilty plea

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

[2] It is clear that Lingo submitted his state post-conviction actions to prison officials for mailing prior to the dates the trial court considered such actions filed.  "Alabama courts have [adopted the mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266, 271-271 (1988) and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, [other relevant post-conviction motion] or a petition for a writ of certiorari when those documents are given to prison officials for mailing."  *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002).  This court will consider the date Lingo signed

is the functional equivalent of a motion for new trial. *Wallace v. State*, 701 So.2d 829, 830 (Ala.Crim.App. 1997). 'A motion for a new trial must be filed no later than thirty (30) days after sentence is pronounces.' Rule 24.1(b), Ala.R.Crim.P."); *Allen v. State*, 863 So.2d 737, 738 (Ala.Crim.App. 2003) (a motion to withdraw guilty plea, which is the "functional equivalent" of a motion for new trial, must be filed within 30 days of sentencing); *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz [v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)], which go to the ability to obtain relief.... [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'... For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. [A state post-conviction motion which is] untimely, ... was not 'properly filed,' and [petitioner is not entitled to statutory tolling of the limitation period] under § 2244(d)(2)."); *Allen v. Siebert*, ____ U.S. ____, 128 S.Ct. 2, 4-5 (2007) ("When a postconviction petition [or motion] is untimely under state law, 'that [is] the end of the matter' for purposes of [statutory tolling of the limitation

---

his Rule 32 petition and motion to withdraw guilty plea as the dates of filing as such dates are the earliest on which he could have delivered the petition/motion to prison officials for mailing. The court therefore considers August 31, 2004 as the date of filing for Lingo's Rule 32 petition and November 11, 2003 as the date of filing for his motion to withdraw guilty plea.

period under] § 2244(d)(2)."). The respondents therefore assert that the applicable period of limitation expired prior to Lingo filing his federal habeas petition and argue that the instant federal habeas petition is time-barred under section 2244(d)(1)(A). *Respondents' Supplemental Answer* at 3-4.

Lingo also appears to allege his illiteracy, an allegation clearly refuted by the several cases filed by petitioner in this and numerous state courts, his want of legal knowledge and lack of legal papers establish circumstances which justify equitable tolling of the limitation period. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002) (Equitable applies only in truly extraordinary circumstances and "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.").

Lingo's assertion of illiteracy is clearly without merit. This assertion likewise does not justify the three-year delay beyond expiration of the one-year period of limitation in filing his federal habeas petition. Moreover, an inmate's illiteracy does not warrant equitable tolling. *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005).

To the extent Lingo argues he is entitled to equitable tolling because of his *pro se*

status and/or lack of legal knowledge, these arguments do not justify equitable tolling of the one-year period of limitation. Specifically, an inmate's status as a *pro se* litigant does not warrant equitable tolling. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir.2004) (*pro se* status and ignorance of the law does not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling), *cert. denied,* 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (a petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling), *cert. denied,* 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000); *Smith v. McGinnis,* 208 F.3d 13, 17 (2nd Cir. 2000) (petitioner's pro se status throughout most of the period of limitations does not merit equitable tolling), *cert. denied,* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.1999) (unfamiliarity with the legal process and lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied,* 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999).

Lingo also maintains he is entitled to equitable tolling of the limitation period

because he did not have possession of a motion for discovery and various other legal papers. Under the circumstances of this case, this court cannot agree with this assertion of entitlement to such equitable tolling because Lingo has failed to show that the delay in filing the instant § 2254 petition resulted from truly extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. The record in this case establishes that Lingo participated in the guilty plea and sentencing proceedings from which his habeas claims arise. He therefore had either actual or constructive knowledge of the factual basis for each of the claims presented to this court challenging the constitutionality of his conviction and, therefore, could have presented his claims to this court in a timely filed § 2254 petition without access to any other information or documents associated with his state court proceedings. Thus, Lingo needed nothing more "to proceed with filing a habeas corpus petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633-634 (7th Cir. 2002), *cert. denied* 537 U.S. 1121, 123 S.Ct. 856 (2003); *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (where a petitioner has at least constructive knowledge of the factual basis for his claims there is no impediment to the filing of a federal habeas petition). Furthermore, "there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition. *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir.

2002) (habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992 (prisoner not entitled to transcript before filing § 2254 petition)." *Lloyd v. Van Natta*, 296 at 633; *Montgomery v. Meloy*, 90 F.3d 1200, 1203-1204 (7th Cir. 1996) (Petitioner in attendance at state court proceedings "knew or should have known what transpired. He was thus on notice that he should include [post-arrest silence and admissibility of out-of-court statements] in" a properly filed habeas petition.).

In light of the foregoing, the court finds that the assertions set forth by Lingo fail to warrant equitable tolling.

Upon review of the pleadings and evidentiary materials filed in this case, it is clear that Lingo failed to file the instant § 2254 petition within the one-year period of limitation mandated by applicable federal law.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such

review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id*. However, the ninety-day period in which to seek certiorari from the United States Supreme Court does not count towards the one-year period of limitation only when a petitioner preserves his right to seek this relief.

The Circuit Court of Barbour County convicted Lingo of criminal conspiracy on September 25, 2003 and imposed sentence upon Lingo on this same date. Lingo did not properly file a direct appeal of this conviction or sentence. Since the petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his conviction. By operation of law, Lingo's criminal conspiracy conviction became final on November 6, 2003 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The one-year period of limitation contained in section 2244(d)(1)(A) therefore began to run on November 7, 2003. The court finds that the limitation period ran for 298 days after Lingo's conviction became final until the filing a Rule 32 petition in the Circuit Court of Barbour County on August 31, 2004. The trial court denied this petition on November 1, 2004. Lingo did not appeal the denial of his Rule 32 petition. Consequently, this Rule 32 petition remained pending in the state courts until December 13, 2004 -- forty-two days after issuance of the trial court's order denying the petition as this is the date on which Lingo's time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. As previously determined, the motion to withdraw guilty plea did not toll the limitation period under § 2244(d)(2) as Lingo failed to timely file such motion. Additionally, Lingo has presented no circumstances which entitle him to equitable tolling of the limitation period. Consequently, Lingo had sixty-seven (67) days from December 13, 2004 or until February 18, 2005 to file a federal habeas petition.

Lingo filed his federal habeas petition in this court on February 25, 2008. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired over 3 years prior to Lingo filing the instant

9

§ 2254 petition.  In light of the foregoing, it is

ORDERED that on or before May 15, 2008 the petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 25th day of April, 2008.


               /s/ Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE