IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RALPH WILSON LINGO, #190083, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08-CV-142-WKW |
| | ) | [WO] |
| | ) | |
| KENNETH JONES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ralph Wilson Lingo ["Lingo"], a state inmate, on February 25, 2008.[1]  In this petition, Lingo challenges a conviction for criminal conspiracy imposed upon him by the Circuit Court of Barbour County, Alabama on September 25, 2003 pursuant to his guilty plea.  On this same date, the trial court sentenced Lingo to fifteen years imprisonment but ordered that the sentence be split with only two years of imprisonment followed by five years on probation.  Lingo did not properly file a direct appeal of this conspiracy conviction as he failed to timely file a notice of appeal, and the Alabama Court of Criminal Appeals dismissed

---

[1]The Clerk stamped the instant habeas petition filed on February 27, 2008.  Nevertheless, the law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Lingo certified that he placed the petition in the prison mail system on February 25, 2008.  *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 15.  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the habeas petition] was delivered to prison authorities the day [Lingo]" certified he placed the petition in the mail.  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing and for purposes of this proceeding, the court considers February 25, 2008 as the date of filing.

the appeal as untimely filed. *Respondents' Exhibit C - Court Doc. No. 11-4* at 2. The Barbour County conspiracy conviction therefore became final by operation of law on November 6, 2003.

Pursuant to the orders of this court, the respondents filed answers in which they argue that the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] The respondents contend that because Lingo's criminal conspiracy conviction became final in 2003 -- after the effective date of the statute of limitations -- Lingo must have filed his § 2254 petition within a year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction action related to the conviction remained pending in the state courts.[3] The respondents concede that on August 31, 2004 Lingo filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, which tolled the limitation period. However, the respondents maintain that even allowing tolling of the federal limitation period during the pendency of the Rule 32 petition the limitation period expired prior to Lingo filing this federal habeas petition. *Respondents' Supplemental Answer* at 3; *Moore v. Crosby*, 321

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

[3]It is clear that the motion to withdraw guilty plea and state post-conviction petition filed by Lingo after imposition of his Barbour County conviction were presented to prison officials for mailing prior to the dates the trial court considered such actions filed. "Alabama courts have [adopted the mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266, 271-271 (1988) and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, [other relevant post-conviction motion] or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002). This court will consider the date Lingo signed motion to withdraw guilty plea and his Rule 32 petition as the dates of filing because these dates are the earliest on which he could have delivered the motion/petition to prison officials for mailing. The court therefore considers November 11, 2003 as the date of filing for his motion to withdraw guilty plea and August 31, 2004 as the date of filing for Lingo's Rule 32 petition.

F.3d 1377, 1381 (11th Cir. 2003) ( statutory tolling allowed only for the time during which a properly filed state post-conviction action is pending).  The respondents further argue that the motion to withdraw guilty plea filed by Lingo on November 11, 2003 had no affect on the running of the limitation period as this motion was not filed within the time prescribed by state law.  *Respondents' Supplemental Answer* at 2 ("'A motion to withdraw guilty plea is the functional equivalent of a motion for new trial.  *Wallace v. State*, 701 So.2d 829, 830 (Ala.Crim.App. 1997).  'A motion for a new trial must be filed no later than thirty (30) days after sentence is pronounces.'  Rule 24.1(b), Ala.R.Crim.P."); *Allen v. State*, 863 So.2d 737, 738 (Ala.Crim.App. 2003) (a motion to withdraw guilty plea, which is the "functional equivalent" of a motion for new trial, must be filed within 30 days of sentencing); *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz [v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)], which go to the ability to obtain relief....  [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'...  For these reasons, we hold that time limits, no matter their form, are 'filing' conditions.  [A state post-conviction motion which is] untimely, ... was not 'properly filed,' and [petitioner is not entitled to statutory tolling of the limitation period] under § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 7, 4 (2007) ("When a postconviction petition [or motion] is untimely under state law, 'that [is] the end of the matter' for purposes

3

of [statutory tolling of the limitation period under] § 2244(d)(2)."); *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1317 (11th Cir. 2006) (An untimely collateral motion "was not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation."). Hence, the respondents assert Lingo failed to file the instant § 2254 petition prior to expiration of the one-year period of limitation.

Based on the foregoing, the court entered an order advising Lingo he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of April 25, 2008 - Court Doc. No. 14*. This order also provided Lingo an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. *Id*. at 10. Lingo filed nothing in response to this order. In his petition, however, Lingo appears to claim that his alleged illiteracy, asserted mental shortcomings, a purported lack of legal knowledge and the withholding of legal materials establish circumstances which justify equitable tolling of the limitation period.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Lingo failed to file the petition within the applicable one-year period of limitation.

## II.  DISCUSSION

### A.  The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on

4

April 24, 1996 and amended the habeas corpus statute to include a one-year period of

limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified

at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or laws
>> of the United States is removed, if the applicant was prevented
>> from filing by such State action;
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has been
>> newly recognized by the Supreme Court and made retroactively
>> applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or
>> claims presented could have been discovered through the
>> exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any period of limitation under
> this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254

petition begins to run at the conclusion of direct review or upon expiration of the time for

seeking direct review, whichever is later.  Where a petitioner preserves his right to file a

petition for writ of certiorari in the United States Supreme Court, the statute of limitations

is tolled during the ninety-day period in which such action may be undertaken.  *Coates v.*

*Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion

of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. §

2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On September 25, 2003, Lingo entered a guilty plea before the Circuit Court of Barbour County, Alabama to a charge of criminal conspiracy and the trial court immediately imposed sentence for this conviction. As noted, Lingo did not properly appeal his conspiracy conviction. Since Lingo failed to complete the direct appeal process, he could not petition the United States Supreme Court for review of this conviction. By operation of law, Lingo's conspiracy conviction became final on November 6, 2003 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review of his conspiracy conviction expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court). The one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A) therefore began to run on November 7, 2003.

## B. Equitable Tolling

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of

extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002) .

Lingo makes the self-serving, conclusory assertion that he "cannot read." *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 13. To the extent this assertion can be construed to allege a basis for equitable tolling, it fails to provide such relief because the assertion is clearly refuted by numerous *pro se* civil actions filed and litigated by Lingo in this court. *Lingo v. Luker, et al.*, Case No. 1:04-CV-1188-WKW-SRW; *Lingo v. State of Alabama, et al.*, Case No. 1:06-CV-45-MEF-CSC; *Lingo v. Luker*, Case No. 1:06-CV-453-WHA-CSC; *Lingo v. State of Alabama, et al.*, Case No. 1:06-CV-462-WHA-CSC; *Lingo v. Collins, et al.*, Case No. 1:06-CV-703-MHT-CSC; *Lingo v. Cutchens, et al.*, Case No. 1:07-CV-269-WHA-CSC; *Lingo v. United States of America*, Case No. 1:07-CV-388-WHA-CSC;

*Lingo v. Jones, et al.*, Case No. 1:08-CV-197-MHT-CSC; *Lingo v. Woodall*, Case No. 1:08-CV-225-WKW-CSC; *Lingo v. State of Alabama, et al.*, Case No. 2:08-CV-122-MHT-CSC; *Lingo v. Jones, et al.*, Case No. 2:08-CV-142-WKW-CSC; *Lingo v. United States of America*, Case No. 1:09-CV-1109-WHA-CSC.  Moreover, an inmate's reading deficiency does not warrant equitable tolling.  *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations.  An inability to speak, write, and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.").

Lingo next maintains he suffers "mental problems."  *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 13.  This claim, however, does not justify equitable tolling of the limitation period as Lingo has failed to establish a causal connection between his alleged "mental problems" and his ability to file a timely federal habeas petition.  *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005); *Bilbrey v. Douglas*, 124 Fed.Appx. 971, 973 (6th Cir.2005) (equitable tolling not applicable because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); *Green v. Hinsley*, 116 Fed.Appx. 749, 751 (7th Cir.2004) (equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th

Cir.2001) (petitioner's mere allegations of incompetency did not suffice to warrant equitable tolling of the limitations period). A petitioner must make a threshold showing of incompetence, *see Calderon v. United States District Court for the Central District of California*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), and demonstrate that the alleged incompetence affected his ability to file a timely habeas petition. *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 618 (3rd Cir. 1998). Thus, the mere fact Lingo complains he suffers from mental impairments, without more, is insufficient to justify equitable tolling. *Lawrence*, 421 F.3d at 1227; *Lake v. Arnold*, 232 F.3d 360, 371 (3rd Cir. 2000) (mental incompetence, standing alone, not sufficient reason to toll limitation period).

Other than his suppositious and wholly self-serving allegation of mental impairments, Lingo presents nothing to this court which indicates that these alleged impairments rendered him incompetent or incapable of preparing a habeas petition at any time during the running of the limitation period. Moreover, the records of this court establish that Lingo filed a state post-conviction petition challenging his Barbout County conspiracy conviction, several federal civil rights actions attacking the search at issue in this case, a separate habeas petition challenging a conspiracy conviction imposed by the Circuit Court of Crenshaw County, Alabama, and this federal habeas petition all while proceeding *pro se*. In light of the foregoing, the court concludes that Lingo has failed to demonstrate that his mental health status in any way adversely affected his ability to file a timely federal habeas petition. Consequently, equitable tolling is not warranted due to Lingo's alleged "mental problems."

Lingo also contends he possesses a limited knowledge of the law and proceeded

9

without counsel in this cause of action.  The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period.  *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's *pro se* status throughout majority of limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Finally, Lingo maintains that during his previous incarceration in federal custody

10

unidentified legal materials were confiscated by the United States Marshal Service. *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 6. Under the circumstances of this case, the court finds that such action does not warrant equitable tolling because Lingo has failed to show that the delay in filing the instant § 2254 petition resulted from truly extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. The record in this case establishes that Lingo participated in the guilty plea and sentencing proceedings from which his habeas claims arise. He therefore had either actual or constructive knowledge of the factual basis for each of the claims presented to this court challenging the constitutionality of his conspiracy conviction and, therefore, could have presented his claims to this court in a timely filed § 2254 petition without access to any other information or documents associated with his state court proceedings. Thus, Lingo needed nothing more "to proceed with filing a habeas corpus petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633-634 (7th Cir. 2002), *cert. denied* 537 U.S. 1121, 123 S.Ct. 856 (2003); *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (where a petitioner has at least constructive knowledge of the factual basis for his claims there is no impediment to the filing of a federal habeas petition). Furthermore, "there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition. *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992 (prisoner not

11

entitled to transcript before filing § 2254 petition)." *Lloyd v. Van Natta*, 296 at 633; *Montgomery v. Meloy*, 90 F.3d 1200, 1203-1204 (7th Cir. 1996) (Petitioner in attendance at state court proceedings "knew or should have known what transpired.  He was thus on notice that he should include [post-arrest silence and admissibility of out-of-court statements] in" a properly filed habeas petition.).

## C.  Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The court finds that the limitation period ran for 298 days after Lingo's conviction became final until the filing a Rule 32 petition in the Circuit Court of Barbour County on August 31, 2004.  The trial court denied this petition on November 1, 2004.  Lingo did not appeal the denial of his Rule 32 petition.  Consequently, this Rule 32 petition remained pending in the state courts until December 13, 2004 -- forty-two days after issuance of the trial court's order denying the petition as this is the date on which Lingo's time to seek direct review of such order expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. Thus, as of December 13, 2004, Lingo had 67 days of the applicable limitation period remaining within which to file a federal habeas petition.  As previously determined, Lingo is not entitled to equitable tolling of the limitation period.  In the absence of equitable tolling, the time allowed Lingo for filing a federal habeas petition expired on February 18, 2005.

**D.  Expiration of the Limitation Period**

Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on February 18, 2005.  Lingo filed the instant petition for federal habeas relief on February 25, 2008, over 3 years after expiration of the federal limitation period.  Lingo has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

**III.  CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas relief filed by Ralph Wilson Lingo on February 25, 2008 be denied as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before March 19, 2010 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

13

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of March, 2010.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

14